UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:24-CV-00511-FDW-DCK

| | |
|---|---|
| JOHNNY E. MILLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHARLOTTE MECKLENBURG ) <br> SCHOOLS, CRYSTAL HILL, ) <br> JACQUELINE BARONE, ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on Defendants Charlotte Mecklenburg Schools,[1] Crystal Hill, and Jacqueline Barone's Motion to Dismiss for insufficient process and insufficient service of process, pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).[2] (Doc. No. 6.) The Motion has been fully briefed and is ripe for review. For the reasons stated below, Defendants' Motion to Dismiss is **DENIED**.

## BACKGROUND

On May 28, 2024, Plaintiff filed his *pro se* Complaint, bringing a claim for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Doc. No. 1, pp. 2–8.) Plaintiff claims he experienced race and sex discrimination while he was employed

---

[1] The Court acknowledges Defendants explain the correct legal entity is Charlotte-Mecklenburg Board of Education. (Doc. No. 7, p. 1.)

[2] The Court notes Defendants' memorandum in support states their Motion is "pursuant to . . . Rules 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure . . . ." (Doc. No. 7, p. 1.) However, Defendants' Motion states it is based on Rules 12(b)(4) and 12(b)(5), (Doc. No. 6, p. 1), and the memorandum in support only discusses Rules 12(b)(4) and 12(b)(5), (Doc. No. 7, pp. 1–9). The Court also notes Defendants' Motion is made "pursuant to rules 12(b)(4) and 12(b)(5) . . . and North Carolina General Statutes 115C-42 . . . ." (Doc. No. 6, p. 1.) However, Defendants' memorandum in support does not reference or discuss this state statute at all. Accordingly, the Court considers the Motion under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).

1

as a Social Studies teacher. (Id.) On May 28, 2024, the Clerk of this Court issued summonses for Defendants. (Doc. No. 2.) On May 31, 2024, Plaintiff returned executed summonses, which he personally delivered to Defendants' places of employment. (Doc. No. 3, pp. 1–3.) Also on May 31, 2024, Plaintiff filed a certificate of service, stating he "personally hand-delivered and emailed" a copy of the Complaint, initial scheduling order, and summons to each Defendant. (Doc. No. 4, p. 1.)

On June 17, 2024, Defendants filed their Motion to Dismiss and memorandum in support. (Doc. Nos. 6–7.) First, Defendants argue Plaintiff's claims should be dismissed for insufficient process against Defendant Charlotte Mecklenburg Schools because it "is not a legal entity and, as such, cannot be properly named in a summons." (Doc. No. 7, p. 4.) Defendants explain the proper legal entity is the Charlotte-Mecklenburg Board of Education. (Id., p. 1.) Second, Defendants argue for dismissal for insufficient service of process because Plaintiff served all three Defendants himself and served individuals not authorized to accept service. (Id., pp. 5–9.)

On June 20, 2024, Plaintiff filed a Reply. (Doc. No. 8.) Plaintiff argues "Defendants are/were absolutely not prejudiced nor harmed by the alleged error/oversight [in service] . . . ." (Id., p. 2.) Plaintiff states he understood "[Defendant] Charlotte Mecklenburg Schools [] is/was the same as (or included) the Charlotte Mecklenburg Board of Education" and argues this misnomer can be corrected by amending his Complaint. (Doc. No. 8, p. 3.) Plaintiff argues he intended to properly serve Defendants "by hand-delivering the Complaint and Summons [] to a qualified adult [] who he was sure would serve the documents to the appropriate defendant[:]" 1) Monica Miller, a supervisory employee with Defendant Charlotte Mecklenburg Schools, who told Plaintiff "she would make sure that the Complaint and Summons was given to the 'legal department of Charlotte Mecklenburg Schools[;]'" 2) Lolita Williams, an assistant to Dr. Crystal

2

Hill, who told Plaintiff "she would make sure that Dr. Hill received the Complaint and Summons by placing them on Dr. Hill's desk[;]" and 3) Eloisa Perez, a secretary at Piedmont Middle IB School where Dr. Jacqueline Barone works, who told Plaintiff "she would make sure that Dr. Barone received the Complaint and Summons." (Id., pp. 3–4.)

This Court entered a Roseboro Notice on July 10, 2024, notifying Plaintiff of his right to respond to Defendants' Motion, specifically including Federal Rule of Civil Procedure 4. (Doc. No. 9.) The Court noted Plaintiff did respond to Defendants' Motion and allowed Plaintiff "additional time in which to file an additional Response to Defendants' Motion based on the standards detailed herein." (Id., p. 4.) On August 14, 2024, Plaintiff filed an Additional Response to Defendants' Motion to Dismiss. (Doc. No. 13.) In it, Plaintiff claims a private process server, Eric Backman of PaperBoi LLC, served Defendants, and included proof of service for each Defendant signed by Mr. Backman. (Id., pp. 1–5.) Plaintiff "acknowledges that the copies of summons and complaint served by Mr. Backman were not stamped by the Clerk of Court, but the Plaintiff brought the additional copies of the summons and complaint to the Clerk's office in an attempt to get them stamped, but was told by the Clerk that stamped copies of the summons were already filed with the Court. The Clerk would not stamp the additional copies." (Id., p. 1.)

On August 21, 2024, Defendants filed a Reply. (Doc. No. 14.) Defendants argue Plaintiff "concedes that he attempted to effectuate service of process with a summons that was not signed or sealed by the Clerk of Court, as required by Rule 4 of the Federal Rules of Civil Procedure." (Id., p. 1.) Defendants claim Plaintiff is required to substantially comply with procedural rules to cure defects in service and Plaintiff may not amend and reissue his summons without leave of the Court. (Id., pp. 1–2.)

## **STANDARD OF REVIEW**

Here, Defendants move to dismiss: 1) for insufficient process, pursuant to Rule 12(b)(4), and 2) for insufficient service of process, pursuant to Rule 12(b)(5). "Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) provide for dismissal where a litigant fails to adequately follow the rules of process in serving pleadings." Brown v. Charlotte Rentals, LLC, No. 3:15-CV-0043-FDW-DCK, 2015 WL 4557368, at *3 (W.D.N.C. Jul. 28, 2015). "Rule 12(b)(4) concerns the sufficiency of the form of the process, rather than the manner or method by which it is served. Rule 12(b)(5), on the other hand, challenges the mode of delivery or the lack of delivery of the summons and complaint." Davies v. Jobs & Adverts Online, Gmbh, 94 F. Supp. 2d 719, 721 n.5 (E.D. Va. 2000).

All parties, *pro se* or otherwise, must comply with the Federal Rules of Civil Procedure. See Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam). "Service rules . . . apply equally to litigants proceeding with or without counsel." Shaver v. Cooleemee Volunteer Fire Dep't, No. 1:07cv00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008). However, dismissing a *pro se* plaintiff's complaint based on a failure to follow procedural rules is a harsh result. See Blakeney v. Goulston Techs., No. 3:19-cv-00688-GCM, 2020 WL 5821979, at *2 (W.D.N.C. Sept. 30, 2020). Courts should accord *pro se* litigants a "special judicial solicitude." Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). While "proceeding *pro se* ordinarily will not excuse failure to properly accomplish service or a failure to understand the rules[,]" if the defendant has actual notice, then the rules are generally entitled to a liberal construction. Brown, No. 3:15-CV-0043-FDW-DCK, 2015 WL 4557368, at *3. Additionally, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, . . . claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal,

4

Inc., 616 F.3d 413, 417 (4th Cir. 2010).

### A. Motion to Dismiss for Insufficient Process

Defendants contend Plaintiff's Complaint should be dismissed because of insufficient process. A defendant can move for dismissal "when process is insufficient" under Federal Rule of Civil Procedure 12(b)(4). Darden v. PRA Grp., Inc., No. 3:20-cv-00650-FDW-DSC, 2021 WL 1572566, at *3 (W.D.N.C. Apr. 21, 2021). "Process may be insufficient if the forms are technically deficient (*e.g.*, wrong name) or otherwise deficient in ways that are unrelated to service of the pleadings." Brown, No. 3:15-CV-0043-FDW-DCK, 2015 WL 4557368, at *3.

"It has long been the rule in [the Fourth Circuit] that service of process is not legally defective simply because the complaint misnames the defendant in some insignificant way." Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224 (4th Cir. 1999). "If [the pleading] names [the parties] in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else . . ." United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947) (internal citations and quotations omitted). When a party has notice and appears, but is misnamed, courts may allow an amendment to cure the misnomer. Ross v. CNAC (Smart Finance), No. 3:12-cv-827, 2013 WL 1858560, at *2 (W.D.N.C. Mar. 27, 2013) (citing Fields v. Norfolk and Southern Ry. Co., 2012 WL 6554103, at *4 (S.D.W.Va. Dec. 14, 2012)), memorandum and recommendation adopted, No. 3:12-cv-827, 2013 WL 1858589 (W.D.N.C. May 2, 2013).

### B. Motion to Dismiss for Insufficient Service of Process

Defendants also contend Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process. "A summons must be served with a copy of the

5

complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Courts "may permit" a summons or proof of service to be amended. Fed. R. Civ. P. 4(a)(2), 4(l)(3).

A defendant can move for dismissal under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996). "Actual notice of the litigation does entitle courts to liberally construe the rules regarding service of process and 'every technical violation of the rule or failure of strict compliance may not invalidate the service of process.'" Blakeney, No. 3:19-cv-00688-GCM, 2020 WL 5821979, at *1 (citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)). "'[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" Connell v. Adams, No. 1:22CV935, 2023 WL 2914856, at *5 (W.D.N.C. Apr. 12, 2023) (citing Gregory v. U.S./U.S. Bankr. Ct. for Dist. of Colorado, 942 F.2d 1498, 1500 (10th Cir. 1991)), memorandum and recommendation adopted, No. 1:22-CV-935, 2023 WL 3229968 (W.D.N.C. May 3, 2023).

## ANALYSIS

### A. Insufficient Process under Rule 12(b)(4)

Defendants challenge the adequacy of process, arguing Plaintiff incorrectly named Charlotte Mecklenburg Schools as one of the Defendants, rather than Charlotte-Mecklenburg Board of Education. (Doc. No. 7, p. 1.) Plaintiff explains he believed Charlotte Mecklenburg Schools "is/was the same as (or included)" in the Charlotte Mecklenburg Board of Education. (Doc. No. 8, p. 3.) The Court finds the misnomer makes process insufficient. However, the correct

legal entity, Charlotte-Mecklenburg Board of Education, received notice, as counsel appeared for it and filed the instant Motion to Dismiss. The Court finds the defect can be corrected. Therefore, Defendants' Motion to Dismiss for insufficient process, pursuant to Rule 12(b)(4), is **DENIED**.

**B. Insufficient Service of Process under Rule 12(b)(5)**

Defendants challenge the service of process, arguing Plaintiff improperly served Defendants by delivering the summonses himself and serving people not authorized to accept service. (Doc. No. 7, pp. 5–9.) The Court notes Plaintiff attempted to serve summonses a second time through a private process server, without seeking leave from the Court. (Doc. No. 13.)

Here, Plaintiff improperly served Defendants, by attempting to serve them himself and by serving people not authorized to accept service. Even so, Defendants received notice of this lawsuit. The Court determines while process of service was improper, the Court can quash the prior service and order Plaintiff to serve Defendants in compliance with the Federal Rules of Civil Procedure. Accordingly, Defendants' Motion to Dismiss for insufficient service of process, pursuant to Rule 12(b)(5), is **DENIED**.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (Doc. No. 6), is **DENIED**. Plaintiff's service of process on all Defendants, (Doc. No. 3), is hereby **QUASHED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have **thirty (30) days** from the entry of this Order to file an Amended Complaint correctly naming all Defendants, to perfect service on all Defendants, and to file proof of service. If Plaintiff fails to timely amend his Complaint and perfect service, in accordance with the Federal Rules of Civil Procedure, then this action **will be dismissed without prejudice**.

**IT IS SO ORDERED**.

Signed: September 30, 2024

_____
Frank D. Whitney
United States District Judge